***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Argued and submitted April 18, 2023., affirmed May 17, 2023

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JUDSON M. STERN-CARUSONE,
*Defendant-Appellant.*

Lane County Circuit Court
21VI138525; A178054

Charles M. Zennaché, Judge.

Terry Scannell argued the cause for appellant. Also on the brief was Scannell Law.

Christopher A. Perdue, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

AOYAGI, P. J.

Affirmed.

AOYAGI, P. J.

Defendant appeals a judgment finding him guilty of failure to obey a traffic control device, ORS 811.265(1)(b), specifically a steady circular yellow signal, ORS 811.260(4). The trial court found that, when the light facing him turned steady yellow, defendant failed to stop his vehicle before entering the marked crosswalk on the near side of the intersection, as required by ORS 811.260(4). Defendant was still driving through the intersection when another vehicle, which had a green light, crashed into the passenger side of defendant's pickup truck. None of the state's witnesses actually saw the color of defendant's light at the moment that he entered the crosswalk. On appeal, defendant raises a single assignment of error, arguing that the trial court erred in denying his motion for judgment of acquittal,[1] because the evidence was legally insufficient to prove that the light facing defendant turned yellow *before* he entered the crosswalk.

On review of the denial of a motion for judgment of acquittal, our task is to view the evidence in the light most favorable to the state and determine whether a rational factfinder could have found the essential elements of the traffic violation to be proved by a preponderance of the evidence. *State v. Bainbridge*, 230 Or App 500, 502, 216 P3d 338 (2009). In making that assessment, we must consider all "reasonable inferences" favorable to the state that a rational factfinder could make from the evidence, while recognizing that "speculation and guesswork" are not allowed. *State v. Bivins*, 191 Or App 460, 467, 83 P3d 379 (2004). "Ultimately, whether circumstantial evidence is sufficient to support a given inference is a question of law." *State v. Simmons*, 321 Or App 478, 483, 516 P3d 1203 (2022), *rev den*, 370 Or 740 (2023). "If there is an experience of logical probability that an ultimate fact will follow a stated narrative or historical fact, then the [factfinder] is given the opportunity to draw a conclusion because there is a reasonable probability that the conclusion flows from the proven facts." *Bivins*, 191 Or App at 467 (internal quotation marks omitted).

---

[1] Defendant, who was *pro se* below, described his motion as a motion for directed verdict. Although the legal standard is similar, the motion is properly termed a motion for judgment of acquittal in this context. The trial court understood and ruled on the motion as a motion for judgment of acquittal.

Critically, "the established facts may support multiple reasonable inferences and, if they do, which inference to draw is for the [factfinder] to decide." *Id*. That is the situation here. Having reviewed the record, we conclude that a rational factfinder could reasonably infer from the circumstantial evidence admitted at trial that defendant entered the crosswalk after his light turned yellow. The trial court (sitting as factfinder) could have made a different inference from the evidence, or otherwise not been persuaded that defendant committed the violation.[2] For purposes of a motion for judgment of acquittal, however, all that matters is whether a rational factfinder could make a reasonable inference that supports finding a violation, without crossing the line into speculation and guesswork. We conclude that is the case here.

Affirmed.

---

[2] We note that ORS 811.260(4) provides that a driver facing a steady circular yellow signal who "cannot stop in safety *** may drive cautiously through the intersection." At trial, defendant referenced that "exception" to the stopping requirement in his opening statement, and, after his motion for judgment of acquittal was denied, he gave testimony relevant to that issue, while maintaining that the light turned yellow after he entered the crosswalk. The trial court implicitly found as part of its verdict that defendant could have stopped safely when his light turned yellow. On appeal, the only issue is whether the state's evidence was legally sufficient to prove that the light turned yellow before defendant entered the crosswalk, which was the basis for defendant's motion for judgment of acquittal.